J. A. BUREKER et al., Appellees, v. JEFFERSON COUNTY et al., Appellants.

**ARBITRATION AND AWARD:** Award—Impeachment—Excessive Decree. A motion to set aside an award as a statutory award does not empower the court to decree the legal effect and conclusiveness, of the award as a common-law award.

Headnote 1:    20 C. J. p. 1057 (Anno.)

*Appeal from Jefferson District Court.*—F. M. HUNTER, Judge.

FEBRUARY 9, 1926.

THE nature of this action is stated in the opinion.—*Modified and affirmed.*

*Ralph H. Munro* and *John G. Barwise,* for appellants.

No appearance for appellees.

DE GRAFF, C. J.—The board of supervisors of Jefferson County commenced proceedings to establish and open a highway

to be a part of Primary Road No. 11 in that county. The purpose of the establishment of the new road was to straighten and change the route of a portion of it over and near the lands of appellees. The original highway extended north and south across appellees' land, and in such a way as to separate the improvements, which are 60 rods east of the east line of the proposed new highway, from the line thereof: that is to say, the proposed change in the highway leaves appellees' improvements in his field, 60 rods east thereof. It is not proposed, however, to vacate the old road across his and other premises.

The damages awarded by the appraisers appointed for that purpose were unsatisfactory to appellees, and they appealed therefrom to the district court. While this appeal was pending, appellees and the board of supervisors entered into a written stipulation, agreeing to submit to arbitration. The arbitrators selected found the damages suffered by appellees to be $3,800. The board of supervisors were dissatisfied with the award, and moved the court to annul same, alleging various grounds. The board also filed a pleading denominated a petition, in which it is claimed, for reasons stated therein, that the award is invalid, and they ask that same be set aside. A hearing was had, which resulted in a finding by the court that, as the award was not filed in the office of the clerk of the district court within the time fixed by the stipulation, it was not entitled to be treated as a statutory award. It was, therefore, rejected. The court, however, overruled all the objections urged against the award. The rejection of the award by the court disposed of it finally as a statutory award, and left it open for an action thereon as a common-law award.

Appellees have not appeared in this court, and we therefore have no statement of grounds relied upon for affirmance. Unless the proceedings are viewed in the nature of an action in equity to set aside the award on the grounds stated, it appears that the court in its finding went further than it should have gone. The question before it was whether the award should be sustained as a statutory award. It might have been rejected upon the ground that it was not filed within the time required by the stipulation, or for other sufficient reasons.

We shall not assume that the trial below was intended to

be in equity, or that the county thereby lost its right to maintain an action in equity to set aside the award, or to set up whatever defense, if any, it may have in an action by the property owner to recover on the award as a common-law award. Whether appellees contemplate the commencement of an action on the award we, of course, have no information. If the present status is maintained, the award is wholly ineffectual, and the amount fixed cannot be enforced. This can be done, if at all, only in an action upon the award. We therefore conclude that the judgment of the court below, in so far as it overruled the motion and the various objections and the grounds of the motion and petition for setting aside the award, except that it was not filed within the time required, should be set aside, and the whole matter left open for final disposition in any subsequent action that may be commenced.

The finding and order of the court will, therefore, be modified and permitted to stand only upon the one ground: to wit, that the award of the arbitrators was not filed within the time required by the stipulation.—*Modified and affirmed.*

STEVENS, FAVILLE, and VERMILION, JJ., concur.